NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3068

STEVEN H. FRIEDMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  October 12, 2005

_____

Before MAYER, CLEVENGER, DYK, Circuit Judges.

PER CURIAM.

Steven H. Friedman petitions for review of the decision of the Merit Systems Protection Board ("Board"), upholding the refusal by the Office of Personnel Management ("OPM") to waive repayment of the duplicate disability benefits that Friedman received.  We affirm.

BACKGROUND

Friedman received disability retirement benefits from both the Federal Employees Retirement System ("FERS") and the Social Security Administration ("SSA") for the period of September 1, 2000, to August 30, 2002.  It is undisputed that an individual may not receive payment of full benefits from both the FERS and the SSA concurrently.  5 U.S.C. § 8452(a)(2) (2000).  Consequently, OPM—which administers

FERS payments—determined that Friedman was required to repay the overpaid benefits amounting to $22,260.00. OPM imposed a repayment schedule of $125.00 per month for 178 months, to be withheld from Friedman's monthly retirement benefit. OPM's determination was affirmed by the administrative judge ("AJ"), except that the repayment schedule was modified to require payment only at the rate of $75.00 per month. The full Board denied review of the AJ's decision. Friedman timely appealed the Board's decision to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

Friedman maintains that the Board's affirmance is flawed because: (1) his mental state should be a basis for waiving the repayment altogether; and alternatively, (2) his repayment should be reduced by the amount of attorney's fees he incurred when applying for disability benefits from the SSA; and (3) his repayment schedule should be reduced to $5 per month due to his financial circumstances.

We must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Butterbaugh v. Dep't of Justice, 1336 F.3d 1332, 1336 (Fed. Cir. 2003).

I

Waiver of a repayment is available when, "in the judgment of the [OPM], the individual is without fault and recovery would be against equity and good conscience." 5 U.S.C. § 8470(b) (2000). In accordance with our conclusion regarding identical

language in the Civil Service Retirement Act, this provision grants OPM discretion to determine whether to waive a repayment. See Grabis v. Office of Pers. Mgmt., No. 04-3239, slip op. at 9 (Fed. Cir. Sept. 27, 2005) (construing 5 U.S.C. § 8436(b) (2000)). OPM's "set-aside rule" requires that when an individual is aware that he has received an overpayment, he is obligated under principles of equity and good conscience to set aside the amount overpaid for repayment to the OPM. OPM Policy Guidelines on the Disposition of Overpayments § I.C.4. When an individual fails to set aside the overpaid amount, he cannot—absent a showing of exceptional circumstances—claim that it is against equity and good conscience for OPM to recover the repayment. Id.

OPM informed Friedman of its "set-aside" requirement when it initially approved his application for benefits. In its approval letter, OPM stated that "Social Security checks should not be negotiated until the FERS benefit has been reduced. The Social Security checks will be needed to pay OPM for the reduction which should have been made in the FERS annuity." J.A. at 48. Friedman nonetheless failed to set aside the amount he was overpaid. Before the Board, Friedman argued that his mental state was an exceptional circumstance requiring the waiver of repayment because he suffered from severe mental problems including stress, problems with interpersonal relationships, and depression. Friedman's doctor testified that Friedman experienced anxiety and depression. However, the doctor also testified that in general Friedman could tend to the normal affairs of living, maintaining a home, and conducting household-related business. The Board determined that Friedman's mental problems were not so severe as to constitute an exceptional circumstance justifying a waiver. We conclude that that finding is supported by substantial evidence.

05-3068                                3

## II

Friedman also argues that OPM should deduct from his repayment amount the attorney's fees he incurred for pursuing disability benefits from the SSA, because Friedman was required, as a recipient of FERS benefits, to apply for SSA benefits. The AJ denied this request, noting that "[t]here is no provision in the statute [5 U.S.C. § 8470] for a reduction in the overpaid amount for any attorney fees incurred in obtaining SSA benefits." J.A. at 8 n.1. Friedman claims that the attorney's fees should be deducted as a matter of "equity and good conscience" because he was required to pursue the SSA benefits. Although Friedman was required to apply for SSA benefits, he was not required to obtain counsel to do so. Friedman does not explain why the payment of attorney's fees constitutes an "exceptional circumstance" justifying a partial waiver. We find no error in the Board's refusal to reduce the repayment amount by Friedman's attorney's fees.

## III

Finally, Friedman argues that his repayment should have been reduced to $5 per month. When an individual is not entitled to a waiver, he may still be entitled to an adjustment of his repayment schedule if he shows financial hardship. 5 C.F.R. § 845.301 (2005). The AJ found that after Friedman's fixed monthly expenses are deducted from his monthly income, he is left with $380.00 for non-fixed living expenses consisting of food, gasoline, and emergency expenses, and that he "requires substantially all of his income to meet ordinary and necessary living expenses." J.A. at 10. After conducting a review of Friedman's expenses, the AJ decided to modify OPM's

repayment schedule of $125 per month to $75 per month to ensure that Friedman has enough remaining for non-fixed monthly expenses. Friedman has provided no basis on which to disturb the Board's decision not to further reduce his repayment obligation.

CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

COSTS:

No costs.