**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH W. FAIRFIELD, | DOCKET NUMBER |
| Appellant, | SF-0845-15-0738-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: June 28, 2016 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph W. Fairfield, Shasta Lake, California, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that he was overpaid $33,195.00 in disability annuity benefits under the Federal Employees' Retirement System (FERS) and was not entitled to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

a waiver of the overpayment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant is a FERS disability retirement annuitant. Initial Appeal File (IAF), Tab 2 at 7, Tab 5 at 40, 44, 55. By letter dated September 19, 2012, OPM informed the appellant that his FERS annuity would be reduced if he were awarded Social Security Administration (SSA) disability benefits and that he would be required to repay any resulting FERS annuity overpayment. IAF, Tab 5 at 15, Tab 31, Hearing Compact Disc (HCD) (testimony of the appellant). Included with the letter was a form for the appellant to complete upon his receipt of an SSA award. IAF, Tab 5 at 15‒16.

¶3      In May 2014, the appellant was awarded SSA disability benefits, retroactive to October 1, 2012. IAF, Tab 5 at 26‒27, Tab 8 at 26, Tab 18 at 1; HCD (testimony of the appellant). Subsequently, in late May or early June 2014, the appellant mailed OPM a completed copy of the form enclosed with the September 19, 2012 letter, notifying OPM that he had been awarded SSA disability benefits.

IAF, Tab 8 at 26, 32, 47; HCD (testimony of the appellant). The appellant followed up with OPM by telephone and in writing on several occasions between June and October 2014. IAF, Tab 8 at 33‑34, 38, 47, 51‑53; HCD (testimony of the appellant).

¶4 Approximately 9 months after the appellant mailed the form to OPM, by letter dated February 28, 2015, OPM informed the appellant that his FERS annuity benefit would be reduced based on his entitlement to SSA disability benefits and that he had received a FERS annuity overpayment of $33,195.00 for the period between October 2012 through the end of February 2015. IAF, Tab 5 at 21‑22. OPM proposed to collect the overpayment in 65 monthly installments of $510.09 and a final installment of $39.15. *Id*. at 22.

¶5 The appellant submitted a timely request for reconsideration of the overpayment notice. *Id*. at 25. Approximately 4 months later, on July 16, 2015, OPM issued a reconsideration decision affirming its initial decision and finding that the appellant was not entitled to a waiver of the overpayment, but adjusting the collection schedule to 97 monthly installments of $340.00 and a final installment of $215.00. *Id*. at 7‑11.

¶6 The appellant filed a timely Board appeal challenging OPM's reconsideration decision. IAF, Tab 2. He argued that OPM had miscalculated the overpayment and that the overpayment should be waived. IAF, Tab 2 at 5, Tab 8 at 2, Tab 18 at 1‑2, 7‑8, Tab 34 at 2, 6, 8, Tab 37 at 2; HCD (testimony of the appellant). The appellant also raised a number of affirmative defenses, including discrimination based on disability and age, a violation of due process, harmful procedural error, and that OPM's action was not in accordance with the law. IAF, Tab 2 at 6‑7, Tab 8 at 1, Tab 13 at 1, Tab 19 at 7‑10, Tab 27 at 5‑8, Tab 34 at 2, 8.

¶7 After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF,

Tab 40, Initial Decision (ID) at 1‑2.  The administrative judge found that OPM proved the existence and amount of the overpayment.  ID at 8‑21.  He further found that the appellant failed to prove that he was entitled to a waiver of the overpayment because, although the appellant was without fault in causing the overpayment, ID at 22‑23, OPM's September 12, 2012 letter informed him of the set‑aside rule, ID at 24‑29, and he failed to establish exceptional circumstances warranting waiver, ID at 30‑38.  Finally, the administrative judge denied the appellant's affirmative defenses.[2]  ID at 40-44 nn.21, 48.

¶8    The appellant has filed a timely petition for review of the initial decision, alleging that the administrative judge made factual, legal, and procedural errors.  Petition for Review (PFR) File, Tab 1.[3]  The agency has responded in opposition to the petition for review.  PFR File, Tab 4.

---

[2] On review, the appellant does not appear to contest the administrative judge's findings that he failed to prove his affirmative defenses of discrimination based on disability and age, and we discern no basis to disturb these findings.  Petition for Review File, Tab 1.

[3] To be timely, a petition for review must be filed within 35 days of the date of issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days of the date the petitioner received the initial decision.  5 C.F.R. § 1201.114(e).  The appellant has the burden of proof on the issue of timeliness.  5 C.F.R. § 1201.56(b)(2)(i)(B).  Here, the initial decision was issued on December 21, 2015, with a finality date of January 25, 2016.  ID at 1, 49.  The appellant, who is not registered as an e‑filer, filed his petition for review by mail, with a postmark date of January 27, 2016.  PFR File, Tab 1 at 26; 5 C.F.R. § 1201.4(*l*) (providing that the date of a filing by mail is the postmark date).  The appellant subsequently submitted a statement, signed under penalty of perjury, that, as a result of delays in the mail, he did not receive the initial decision until January 2, 2016.  PFR File, Tab 5 at 2‑3.  The appellant's statement is unrebutted.  Accordingly, because the appellant filed his petition for review 30 days after his receipt of the initial decision, we find that it was timely filed.  5 C.F.R. § 1201.114(e); *see Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶ 1 n.1 (2001) (finding that a petition for review was timely where an appellant submitted an unrebutted statement under penalty of perjury that she received the initial decision more than 5 days after the date of issuance).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that OPM proved the existence and amount of the overpayment.</u>

¶9      OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). Here, in finding that OPM satisfied this burden, the administrative judge relied on records in the agency file, including, but not limited to: (1) the appellant's individual retirement record; (2) the February 28, 2015 overpayment notice and an attachment explaining how the overpayment was calculated; (3) the July 16, 2015 reconsideration decision; (4) OPM documentation explaining the calculation of the appellant's FERS disability annuity benefit; (5) computer printouts reflecting OPM's verification of the appellant's SSA disability benefits; and (6) the appellant's own disability retirement application. ID at 8–21; *see* IAF, Tab 5 at 7–11, 22–24, 26–27, 41–58.

¶10      The administrative judge conducted a thorough and detailed review of OPM's calculation of the overpayment. ID at 9–21. Applying the formula for FERS disability retirement annuities to the evidence in the agency file, he concluded that OPM correctly calculated the appellant's annuity, addressing each of the appellant's allegations of error. ID at 10–11, 17–20; *see* 5 U.S.C. § 8452(a)(1)(A) (providing the formula for FERS disability retirement annuities); IAF, Tab 27 at 3–4, Tab 37 at 4; HCD (testimony of the appellant). The administrative judge then proceeded to review OPM's calculation of the statutorily required reduction in the appellant's FERS annuity benefits based on his receipt of SSA disability benefits. ID at 9–13; *see* 5 U.S.C. § 8452(a)(2). After conducting this analysis, and determining the difference between the amount of FERS annuity benefits to which the appellant was entitled and the amount that he was paid for the time period at issue, the administrative judge

concluded that OPM proved by a preponderance of the evidence that the appellant had received an overpayment of FERS disability retirement benefits in the amount of $33,195.00. ID at 11–13, 21.

¶11    On review, the appellant challenges the administrative judge's finding that OPM proved the existence and amount of the overpayment. PFR File, Tab 1 at 3–10, 17, 24. As discussed below, we find that his arguments do not provide a basis to disturb the initial decision.

> *The administrative judge properly considered the agency file as evidence of the existence and amount of the overpayment.*

¶12    On review, as he did below, the appellant contends that the administrative judge erred in considering the agency file as evidence that OPM proved the existence and amount of the overpayment, because the agency file is hearsay, and according to the appellant, is unreliable. PFR File, Tab 1 at 3–10; IAF, Tab 34 at 1–4; HCD (testimony of the appellant). We disagree.

¶13    It is well settled that relevant hearsay evidence is admissible in Board proceedings. *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 12 (2009); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83 (1981). Our reviewing court has held that hearsay evidence "may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." *Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). In *Wisecup v. Office of Personnel Management*, 30 M.S.P.R. 191, 193-94, *aff'd*, 809 F.2d 790 (Fed. Cir. 1986) (Table), the Board found that, in the absence of significant rebuttal by an appellant, OPM's records were sufficient to establish the existence and amount of an overpayment by preponderant evidence. In reaching this conclusion, the Board considered the fact that the appellant did not identify any specific inaccuracies or discrepancies in OPM's records, demonstrate that the records were not routinely made in the ordinary course of business, or demonstrate that the records were inherently unreliable, untrustworthy, or noncredible. *Id*. at 193.

¶14    Here, applying *Wisecup*, the administrative judge concluded that OPM's evidence, although hearsay, was sufficient to establish the existence and amount of the overpayment.[4]  ID at 14−16 & n.9.  The administrative judge reviewed the records and verified OPM's calculations.  ID at 8-14.  He further found that: (1) the records at issue were made in the ordinary course of OPM's business as the administrator of the Federal retirement systems; (2) the records generally were accurate based on his review; and (3) the appellant failed to adduce any compelling contradictory evidence.  ID at 15−16 & n.9.

¶15    On review, the appellant also argues that, in evaluating the probative value of OPM's records, the administrative judge failed to follow the U.S. Supreme Court's decision in *Richardson v. Perales*, 402 U.S. 389 (1971).  PFR File, Tab 1 at 4−6.  To the contrary, in *Perales*, which involved an appeal from a denial of Social Security disability benefits, the Supreme Court found that hearsay evidence alone may constitute substantial evidence.  402 U.S. at 402; *see Borninkhof*, 5 M.S.P.R. at 84 (interpreting *Perales* as a rejection of any rule that hearsay may not per se constitute substantial evidence).  To the extent that the appellant contends that the administrative judge was required to replicate the precise analysis that the Supreme Court used to evaluate the probative value of the medical reports in a Social Security disability benefits appeal, we disagree.  PFR File, Tab 1 at 4−6.  Instead, the Board reviews the probative value of hearsay evidence in Board appeals under the factors set forth in *Borninkhof*, 5 M.S.P.R. at 87.  *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 27

---

[4] On review, the appellant contends that the administrative judge failed to rule on his objection to the administrative judge's consideration of the agency file.  PFR File, Tab 1 at 7.  To the contrary, the administrative judge conducted a detailed analysis of the issue and the appellant's arguments and concluded that OPM's records were reliable and probative.  ID at 14−16 & n.9.  For this same reason, the appellant's allegations that the administrative judge failed to explain his reasoning, as required by *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980), are without merit.  PFR File, Tab 1 at 7, 23.

(2010), *aff'd*, [635 F.3d 526](link) (Fed. Cir. 2011). Here, we find that the administrative judge considered the *Borninkhof* factors relevant to analyzing OPM records in an overpayment appeal, as identified in *Wisecup*, and correctly concluded that OPM's records were sufficient to establish the existence and amount of the overpayment. ID at 15‒16 & n.9.

> *The appellant has failed to demonstrate any error in the administrative judge's finding that OPM proved that it correctly calculated the amount of the overpayment.*

¶16     On review, the appellant challenges the administrative judge's finding that OPM proved that it correctly calculated the amount of the overpayment. PFR File, Tab 1 at 9, 13, 24. He contends that the administrative judge failed to consider his allegation at the hearing that there was some degree of variation in the amount of SSA disability benefits that he received each month. *Id*. at 9.

¶17     We agree with the administrative judge that OPM properly reduced the appellant's FERS annuity based on his entitlement to, rather than actual receipt of, SSA disability benefits.[5] ID at 18; *see* [5 U.S.C. § 8452](link)(a)(2)(A) (referencing a requirement for a reduction in an annuitant's FERS disability annuity benefit for a month in which the appellant is "entitled both" to a FERS disability retirement annuity and SSA disability benefits); [5 C.F.R. § 844.302](link)(b)(2), (c)(2) (referencing periods for which an annuitant is "entitled to" SSA disability benefits); *see also Maxwell v. Office of Personnel Management*, [78 M.S.P.R. 350](link), 355 (1998) (finding that a delay in an appellant's receipt of SSA disability

---

[5] We have considered the appellant's argument on review that the administrative judge's finding was contrary to the decision by the U.S. Court of Appeals for the Federal Circuit in *Stephenson v. Office of Personnel Management*, [705 F.3d 1323](link) (Fed. Cir. 2013), and find it unpersuasive. PFR File, Tab 1 at 17‒18. In *Stephenson*, the court held OPM could not reduce an appellant's FERS disability benefits for a period during which he was not entitled to SSA disability benefits because he was working. 705 F.3d at 1328‒29. The court's finding was based on an analysis of whether the appellant was entitled to SSA disability benefits under [5 U.S.C. § 423](link)(a)(1), the applicable provision of the Social Security Act, not whether the appellant received such benefits. *Stephenson*, 705 F.3d at 1328-29.

benefits did not alter the fact that she was entitled to receive the benefits for purposes of calculating a reduction to her FERS annuity), *overruled on other grounds by Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014).

¶18 The appellant also contends that the administrative judge failed to consider that he paid $6,000.00 of his SSA disability benefits to the attorney who represented him in proceedings before the SSA. PFR File, Tab 1 at 13, 20, 24; *see* IAF, Tab 5 at 25. The appellant has cited no authority, and we can identify none, for the proposition that he is entitled to a reduction in repaying an overpayment based upon his payment of attorney's fees and costs in pursuing his SSA disability benefits award. *See* 5 U.S.C. § 8452(a)(2)(A). As discussed above, the reduction in the appellant's FERS disability retirement benefit is governed by his entitlement to SSA disability benefits, regardless of whether some portion of those benefits were ultimately paid to his attorney. Therefore, the appellant has failed to demonstrate that the administrative judge erred in finding that OPM correctly calculated the overpayment without a reduction for attorney's fees. ID at 10−21.

The administrative judge correctly found that the appellant failed to prove that he was entitled to a waiver of the overpayment.

¶19 An appellant has the burden of proving by substantial evidence that he is entitled to a waiver of an overpayment. *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 845.307(b). A waiver of an annuity overpayment may be granted when the annuitant is without fault and recovery would be against equity and good conscience. *Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 7 (2010); 5 C.F.R. § 845.301. Here, it is undisputed that the appellant met his obligation to inform OPM of the overpayment and that he was without fault. ID at 22−23. However, on review, the appellant raises several challenges to the administrative judge's finding that he failed to demonstrate that recovery would be against equity and good conscience. PFR File, Tab 1 at 9−23; ID at 24−37.

For the reasons discussed below, we find that the appellant's arguments do not provide a basis for disturbing the initial decision.

*The administrative judge correctly found that the set-aside rule applies.*

¶20    OPM policy provides that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and that, in the absence of exceptional circumstances, recovery in these cases is not against equity and good conscience. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 6 (2012); *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 8 (2007); IAF, Tab 5 at 70, *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System*, § I.C.4 (1995) (*Policy Guidelines*).

¶21    On review, the appellant contests the administrative judge's finding that the set-aside rule applies. PFR File, Tab 1 at 9–14, 19–21. However, we agree with the administrative judge that OPM's September 19, 2012 letter provided the appellant with sufficient notice that he was required to set aside his SSA disability benefit payments to repay OPM for any overpayment of his FERS disability annuity. ID at 24–29.

¶22    We have considered the appellant's arguments on review that the September 19, 2012 letter was poorly written, unclear, or confusing, and find them unpersuasive. PFR File, Tab 1 at 9–14, 19–21. In pertinent part, the letter notified the appellant that by law, OPM "is required to deduct all or part of Social Security disability benefits from the FERS disability benefit paid to a retiree." IAF, Tab 5 at 15. The letter further stated:

> If you are overpaid FERS disability benefits because of receipt of Social Security disability benefits, OPM will send you a notice of the amount of the overpayment. You are legally required to repay this money to OPM. If SSA sends you a retroactive payment, hold that award until you receive a notice of the amount of your overpayment from OPM, so that you have sufficient funds to repay your duplicate payment.

*Id*. We find that the letter clearly informed the appellant that he was required to set aside his SSA disability benefits award to reimburse OPM for any FERS overpayment.

¶23     On review, the appellant reiterates his argument, raised below, that the set‑aside rule should not apply because his mental capacity was purportedly affected by his prescribed opiate when he received the September 2012 letter. PFR File, Tab 1 at 11; IAF, Tab 37 at 3‑4; HCD (testimony of the appellant). The administrative judge found the appellant's claims that he suffered from mental incapacity in 2012 and 2013 were inapposite because the appellant was not awarded SSA disability insurance benefits until May 2014 and did not allege that he suffered from mental incapacity at that time. ID at 28‑29. He further found that the appellant's actions in repeatedly notifying OPM that he had been awarded SSA disability benefits, in accordance with the instructions in the September 2012 letter, reflected that he was aware, or at least strongly suspected, that he had received an overpayment. ID at 27‑29. We discern no basis to disturb these well-reasoned findings. *See Knox*, [107 M.S.P.R. 353](#), ¶¶ 7‑9 (holding that an appellant was without fault in creating an overpayment but was not entitled to a waiver because she was aware that she should have set aside the overpayment). In sum, we find that the appellant's arguments on review do not provide a basis for disturbing the administrative judge's conclusion that the set‑aside rule applies.

> *The administrative judge correctly found that the appellant failed to establish exceptional circumstances warranting waiver.*

¶24     Because the set-aside rule applies, the appellant is not entitled to a waiver of the overpayment unless he can establish that exceptional circumstances exist. *See Boone*, [119 M.S.P.R. 53](#), ¶ 6. Exceptional circumstances may include, but are not limited to, cases in which: (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a

reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; or (4) OPM was otherwise grossly negligent in handling the case. *King v. Office of Personnel Management*, 114 M.S.P.R. 181, ¶ 20 (2010).

¶25     On review, the appellant reiterates his argument, raised below, that exceptional circumstances exist because OPM failed to adjust his FERS disability retirement annuity until 9 months after he notified OPM that he had been awarded SSA disability benefits, and OPM failed to respond to his repeated communications regarding his SSA disability benefits award during that same time period. PFR File, Tab 1 at 12, 14; IAF, Tab 18 at 7. The administrative judge found that, although OPM's delays may have been vexing to the appellant, they did not meet the threshold for a finding of exceptional circumstances, where, as here, OPM issued the overpayment notice to the appellant 25 days after verifying his SSA disability benefits award with the SSA. ID at 31‑32. We discern no error in this finding. *See James v. Office of Personnel Management*, 72 M.S.P.R. 211, 218‑19 (1996) (finding that a delay of approximately 15 months between the date that an appellant notified OPM that he had been awarded SSA disability benefits and the date that OPM issued an overpayment notice did not constitute an exceptionally lengthy delay warranting waiver); *Harris v. Office of Personnel Management*, 43 M.S.P.R. 387, 390‑91 (finding that a 2‑year delay between the date that an appellant became eligible for SSA disability benefits and the date that OPM adjusted his Civil Service Retirement System annuity did not establish exceptional circumstances warranting waiver), *aff'd*, 907 F.2d 158 (Fed. Cir. 1990); *Newcomb v. Office of Personnel Management*, 42 M.S.P.R. 552, 558‑60 (1989) (finding that a delay of 3 years and 10 months between an appellant's request for a waiver and OPM's final decision did not constitute exceptional circumstances rendering recovery unconscionable); *see also* IAF, Tab 5 at 70, *Policy Guidelines*, § I.C.4 (stating

that exceptional circumstances would involve extremely egregious errors or delays by OPM, such as failure to issue a written decision within 4 years of a request for waiver).

¶26    The appellant also repeats his arguments that he is entitled to a waiver under a theory of detrimental reliance because: (1) the overpayment purportedly caused his tax burden to increase; and (2) he elected to retain an attorney to appeal the denial of his SSA benefits because he allegedly did not understand that his FERS disability benefits would be reduced. PFR File, Tab 1 at 18‒20; IAF, Tab 2 at 5, Tab 18 at 9; HCD (testimony of the appellant). The administrative judge correctly found that the appellant failed to establish a claim of detrimental reliance because, although OPM's actions may have ultimately put the appellant in a worse position, OPM did not mislead the appellant or induce him to change his position, where, as here, he was on notice of the potential overpayment and the set‒aside requirement. ID at 35‒37; *see Slater v. Office of Personnel Management*, 42 M.S.P.R. 510, 520‒21 (1989) (finding that an increase in an appellant's tax burden because of an overpayment did not warrant waiver of the overpayment on the basis of detrimental reliance where there was no evidence that OPM misled the appellant, or induced him to change his position); *see also Freidman v. Office of Personnel Management*, 153 F. App'x 719, 721 (Fed. Cir. 2005) (finding that an appellant failed to establish that his payment of attorneys' fees incurred in pursuing SSA disability benefits constituted exceptional circumstances warranting waiver).[6]

¶27    We also have considered the appellant's other arguments on review, including, but not limited to, his allegations of error, negligence, and delays by OPM, PFR File, Tab 1 at 9‒24, and find that none of them provide a basis for

---

[6] Although *Freidman* is an unpublished decision, the Board may rely on unpublished Federal Circuit decisions where, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

disturbing the administrative judge's conclusion that he failed to establish exceptional circumstances warranting waiver.

The administrative judge correctly found that the appellant failed to prove that OPM violated his due process rights.

¶28    On review, the appellant challenges the administrative judge's finding that he failed to prove his affirmative defense of a violation of due process. PFR File, Tab 1 at 21–22. He reiterates his assertions, raised below, that OPM violated his due process rights when: (1) OPM erroneously made collections on the overpayment while his reconsideration request and Board appeal were pending, in violation of 5 C.F.R. §§ 845.204(a)(9) and 845.205(d)(1); (2) OPM issued an overpayment notice that purportedly failed to provide all of the information required by 5 C.F.R. § 845.204(a); and (3) OPM failed to respond to his requests for documents and information that he submitted prior to the reconsideration decision. PFR File, Tab 1 at 16–17, 21–22; IAF, Tab 8 at 1, Tab 18 at 2–5, Tab 21 at 2, Tab 26 at 1–2, Tab 27 at 5, Tab 29 at 1, Tab 34 at 4–5.

¶29    The administrative judge considered these allegations and found that the appellant failed to establish that OPM violated his due process rights. ID at 42–43 & n.21. He found that, after the appellant raised the issue of the premature collection of the overpayment, OPM remedied the error, relying on evidence that OPM either refunded or was in the process of refunding the amounts that it improperly collected. ID at 43 & n.11; IAF, Tab 5 at 5, 29–35, Tab 8 at 62–64, Tab 24 at 3, Tab 30 at 4–5. He further found that, because due process is a flexible concept and OPM's collection of the overpayment did not constitute a permanent deprivation, the appellant failed to establish that the premature collection violated his due process rights. ID at 4; *see Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 18 (2014) (finding that due process is "flexible and calls for such procedural protections as the particular situation demands" (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)).

¶30 Regarding the appellant's remaining contentions, the administrative judge found that, because OPM generally stays overpayment collections while Board appeals are pending, the risk of an erroneous deprivation of property rights was low, given the availability of independent review by the Board prior to OPM's final action. ID at 43; *see Matthews*, 424 U.S. at 335 (finding that due process requires consideration of the risk of an erroneous deprivation of a property interest through the procedures used); *see also Gajdos*, 121 M.S.P.R. 361, ¶ 25 (considering the availability of post‑deprivation relief before the Board in finding that an agency did not violate an appellant's due process rights in effectuating his furlough). He further found that the appellant ultimately received the process required by OPM's regulations, either directly from OPM or during the course of his Board appeal. ID at 43. For these reasons, he concluded that the appellant failed to establish that OPM violated his due process rights. ID at 43.

¶31 On review, the appellant has not identified any factual or legal errors in the administrative judge's analysis, but instead merely reiterates the actions that he contends constitute due process violations and disputes the administrative judge's characterization of tangential matters. PFR File, Tab 1 at 16−17, 21−22. As such, the appellant's contentions on review constitute mere disagreement with the administrative judge's well‑reasoned finding that the appellant failed to prove that OPM violated his due process rights and do not provide a basis for disturbing the initial decision. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105−06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The administrative judge correctly found that the appellant failed to prove his affirmative defenses of harmful procedural error and that OPM's decision was not in accordance with the law.</u>

¶32      Below, the appellant relied on many of the same actions that he alleged constituted due process violations (OPM's premature collection of the overpayment, purportedly deficient overpayment notice, and failure to respond to his request for documents and information) as the basis for his affirmative defenses of harmful procedural error and that OPM's decision was not in accordance with the law.  IAF, Tab 2 at 6‒7, Tab 8 at 1‒4, Tab 19 at 7‒10, Tab 27 at 5.

¶33      The administrative judge found that the appellant failed to prove harmful error because he failed to demonstrate that any of the alleged errors were likely to have caused OPM to reach a different conclusion.  ID at 40‒41; *see Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 9 (2016) (finding that, to show harmful error, an appellant must prove that any procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); 5 C.F.R. § 1201.4(r) (defining harmful error).  He found that the appellant failed to prove his not‑in‑accordance‑with‑the‑law affirmative defense because the appellant failed to establish that there was no legal authority for OPM's decision.  ID at 40‒41; *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991) (in evaluating a not-in-accordance-with-the-law affirmative defense, the Board must determine whether the decision itself, in its entirety, was not in accordance with law) (citing *Handy v. U.S. Postal Service*, 754 F.2d 335, 337-38 (Fed. Cir. 1985)).

¶34      To the extent that the appellant intends to challenge these findings on review, PFR File, Tab 1 at 16‒17, 21‒22, we find that his contentions fail to provide a basis for disturbing the administrative judge's well‑reasoned conclusions.  *See Crosby*, 74 M.S.P.R. 98, 105–06; *Broughton*, 33 M.S.P.R. at 359 (1987).

The administrative judge did not abuse his discretion in his procedural rulings.

¶35    On review, the appellant argues that the administrative judge erred in accepting the agency's closing statement despite a service error, and in denying the appellant's requests to compel discovery and present an expert witness. PFR File, Tab 1 at 2, 4, 10, 23; IAF, Tab 32 at 2.

¶36    Administrative judges have broad discretion to control proceedings, including ruling on discovery matters and excluding witnesses and evidence that are not relevant or material to the issues of the case. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (finding that an administrative judge has broad discretion to exclude evidence and witnesses which have not been shown to be relevant or material); *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992) (finding that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  For the following reasons, we find that the appellant failed to establish that the administrative judge abused his discretion here.

¶37    Following the hearing, the administrative judge issued an order requiring that any written closing statements be received by the Board and the opposing party by October 29, 2015, and that rebuttals be received by November 5.  IAF, Tab 32 at 2.  The agency electronically filed its closing statement on October 27, 2015, but did not ensure the appellant's timely receipt.  IAF, Tab 33 at 4, 11, Tab 35 at 1, Tab 37 at 102.  The appellant responded to the agency's closing statement on November 5, IAF, Tab 37, and subsequently, both parties continued to file additional pleadings, IAF, Tabs 38–39.

¶38    The administrative judge denied the appellant's request that he decline to consider the agency's closing statement, finding that, because both parties had failed to comply with the Board's directives, he would accept all of their

submissions into the record and consider them.[7]  ID at 7 n.4.  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013).  We find that the appellant failed to establish that the administrative judge abused his discretion in declining to sanction the agency here.  *See Herring v. Department of Veterans Affairs*, 72 M.S.P.R. 96, 99 (1996) (observing that the practice at the Board's headquarters is to serve a copy of a pleading on the other parties when a party fails to comply with the Board's regulations requiring such service); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶39    The appellant also argues that the administrative judge improperly denied his request to call an expert witness to testify regarding his allegation that a July 31, 2012 letter in the agency file was forged or fraudulent.  PFR File, Tab 1 at 10, 23; *see* IAF, Tab 5 at 12-13, Tab 27 at 17−18.  The administrative judge found that, because the appellant claimed that he had never received the letter, any disputes regarding its authenticity were not relevant to the issues before the Board.  IAF, Tab 27 at 17.  He declined to extrapolate from any alleged forgery or fraud that the remainder of OPM's proof of the overpayment was unreliable.  IAF, Tab 27 at 17−18; ID at 15.

¶40    We discern no abuse of discretion in the administrative judge's decision to deny the appellant's request to call the expert witness to testify regarding the July

---

[7] In addition to the issues described above, the appellant appears to have sent his written closing statement to the Board and the agency by facsimile on October 29, 2015, but the agency contended that it did not receive the fax.  IAF, Tab 34, Tab 36 at 4, Tab 39 at 2.  Also, when filing his closing statement, the appellant did not include a certificate of service, as required by the Board's regulations.  IAF, Tab 34; *see* 5 C.F.R. § 1201.26(b)(2) (providing that a certificate of service stating how and when service was made must accompany each pleading served by a party).

31, 2012 letter. The administrative judge did not rely on the letter in his findings. ID at 8−48. We further agree with the administrative judge that the expert's testimony regarding the letter would be insufficient to impugn the reliability of the remainder of OPM's evidence. IAF, Tab 27 at 17−18; ID at 15; *see Parsons v. United States*, 670 F.2d 164, 166-67 (Ct. Cl. 1982) (observing that there is a presumption that public officials perform their duties in good faith); *Thompson v. Office of Personnel Management*, 81 M.S.P.R. 677, ¶¶ 6-8 (1999) (finding that an administrative judge's failure to adjudicate an appellant's claim that OPM discriminated against him in the calculation of his annuity was harmless error because the employee who calculated the annuity correctly did so pursuant to the applicable statute, a nondiscretionary function). Accordingly, the appellant has failed to establish that the administrative judge disallowed relevant testimony which could have affected the outcome of his appeal. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010) (finding that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that a relevant witness or evidence, which could have affected the outcome, was disallowed).

¶41   The appellant also contends that the administrative judge improperly denied his motion to compel the agency to respond to discovery requests for copies of any complaints or disciplinary actions against K.J., the OPM employee who prepared the July 15, 2015 reconsideration decision, and K.J.'s performance evaluations.[8]  PFR File, Tab 1 at 4; IAF, Tab 19 at 1−2, Tab 25 at 1−3, Tab 27 at 8−10. We find that the administrative judge did not abuse his discretion in denying the appellant's motion to compel responses to the discovery requests at

---

[8] The administrative judge's order denying the motion to compel also addressed other discovery requests, but the appellant has not raised any specific challenge to the administrative judge's findings regarding those requests on review, and therefore, we do not address them further. PFR File, Tab 1; IAF, Tab 27 at 8−14.

issue here. The appellant claimed below that the requested material would show that OPM was careless in reaching its reconsideration decision.[9] IAF, Tab 27 at 9. The Board reviews OPM's reconsideration decision on its merits, rather than on the background of the individual who prepared the decision, and, therefore, we agree with the administrative judge that the appellant failed to demonstrate that the information sought was relevant to the issues in his appeal.[10] IAF, Tab 27 at 9–10; *see* 5 C.F.R. § 1201.72(a) (providing that discovery is the process, apart from the hearing, by which a party may obtain relevant information); *see also Thompson*, 81 M.S.P.R. 677, ¶¶ 6-8.

The appellant has not shown that the administrative judge was biased.

¶42    The appellant further asserts that the administrative judge was biased and favored the agency in his rulings. PFR File, Tab 1 at 2, 7, 10, 21, 23. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). We find nothing in the record indicating that the administrative judge demonstrated any form of bias, and the instances of alleged bias all pertain to the administrative judge's rulings during the proceedings. PFR File, Tab 1 at 2, 7, 10, 21, 23. Generally, such allegations

---

[9] For the first time on review, the appellant claims that the documents that he requested in discovery were relevant because they may have shown that K.J. was the person who created the allegedly fraudulent July 31, 2012 letter. PFR File, Tab 1 at 4. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made such a showing here. Moreover, even if we were to consider the appellant's new argument, as discussed previously, the appellant also has failed to demonstrate that the authenticity of the letter is relevant to the dispositive issues in his appeal.

[10] On review, the appellant also appears to contend that he was denied the opportunity to cross‑examine K.J. at hearing. PFR File, Tab 1 at 3. However, the appellant did not request to call K.J. as a witness at the hearing, even though he was aware that the agency did not intend to call any witnesses. IAF, Tab 15 at 1, Tab 27 at 16–18.

may not form the basis of a finding of bias, and, here, we find they do not overcome the presumption of fairness and impartiality afforded to the administrative judge. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (finding that the Board will not infer bias based on an administrative judge's case-related rulings).

¶43    Finally, we have considered the appellant's numerous other arguments and allegations of error on review and conclude that none of them form a basis for disturbing the initial decision. For this reason, and the reasons discussed above, we deny the appellant's petition for review and affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.